■ In the Matter of GARDEN CITY PLAZA ASSOCIATES, LTD., Respondent, v MAYOR OF THE INCORPORATED VILLAGE OF GARDEN CITY et al., Appellants. [754 NYS2d 661] —In a consolidated proceeding pursuant to Real Property Tax Law article 7 to review the real property tax assessment of certain real property owned by the petitioner for the tax years 1997/1998 through 2000/2001, the appeal is from a judgment of the Supreme Court, Nassau County (Rossetti, J.), entered October 12, 2001, which, after a hearing, reduced the assessments.

Ordered that the judgment is reversed, on the law and the facts, with costs, the petitions are denied, and the proceeding is dismissed on the merits.

By separate petitions, later consolidated, the petitioner sought to review real property tax assessments of certain property for the tax years 1997/1998 through 2000/2001. In support of its claim that the subject property was over-valued for the tax years at issue, the petitioner argued, inter alia, that the assessments did not take into account that the property was designated as a Superfund Site under the Comprehensive Environmental Response, Compensation, and Liability Act (*see* 42 USC 9601 *et .seq.*), relating to ground water contamination dating back at least to the 1970s. Following a hearing, at which the parties' appraisers testified, the Supreme Court reduced the tax assessments. The Mayor, Board of Trustees, and Board of Assessors of the Incorporated Village of Garden City appeal. We reverse.

The law is well settled that a property valuation by a tax assessor is presumptively valid (*see Matter of FMC Corp. v Unmack,* 92 NY2d 179, 187; *Matter of City of Troy v Kusala,* 227 AD2d 736, 739). To overcome this presumption, when challenging the validity of an assessment, a petitioner must come forward with substantial evidence demonstrating that the assessment was invalid (*see Matter of FMC Corp. v Unmack, supra* at 187; *Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes,* 92 NY2d 192, 196). Once a petitioner has met its initial burden, the Supreme Court must weigh the record in its entirety to determine whether the petitioner demonstrated, by a preponderance of the evidence, that the property was over-assessed (*see Matter of FMC Corp. v Unmack, supra* at 188; *Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, supra* at 199). Upon our review of the record, the petitioner did not demonstrate, by a preponderance of the evidence, that the property was over-assessed for the years challenged in the petitions. Accordingly, the Supreme Court should have dismissed the subject proceedings.

In light of the foregoing, we need not address any other issue. Smith, J.P., O'Brien, Krausman and Rivera, JJ., concur.